UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Steven Eric Gould,<br><br>　　　　　Plaintiff<br><br>v.<br><br>Nevada Department of Corrections, et al.,<br><br>　　　　　Defendants | Case No.: 2:23-cv-00324-CDS-BNW<br><br>**Order Adopting Magistrate Judge's Report and Recommendation and Dismissing Case**<br><br>[ECF No. 4] |

　　　　Pro se plaintiff Steven Eric Gould initiated this action without paying the filing fee or submitting an application to proceed in forma pauperis. United States Magistrate Judge Brenda N. Weksler ordered Gould to do either in order to proceed. Order, ECF No. 2. Gould was advised that failure to comply with the order would result in a recommendation that the action be dismissed. *Id.* When Gould did neither, the magistrate judge issued a recommendation that this case be dismissed without prejudice. R&R, ECF No. 4. Under this district's local rules, the deadline for Gould to object to the R&R was May 1, 2023. LR IB 3-1(a). As of the date of this order, Gould has not filed an objection to the R&R nor has he requested more time to do so. Accordingly, with no objection filed, I adopt Magistrate Judge Weksler's R&R in its entirety.

　　　　District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in

expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with court orders, the only alternative is to enter a second order setting another deadline. But issuing a second order will only delay the inevitable and further squander the court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth

factor favors dismissal. Having thoroughly examined all of the dismissal factors, I find that they weigh in favor of dismissal.

IT IS THEREFORE ORDERED that Magistrate Judge Weksler's report and recommendation **[ECF No. 4] is ADOPTED** in full.

IT IS FURTHER ORDERED that this action is DISMISSED without prejudice based on the plaintiff's failure to pay the filing fee or seek to proceed in forma pauperis in compliance with the court's order.

The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

DATED: May 3, 2023

_____
Cristina D. Silva
United States District Judge